# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7421 | **DATE** | 5/1/2002 |
| **CASE TITLE** | Richard T. Whitehead vs. Antoinette Malone, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff Whitehead's Motion for Leave to File First Amended Complaint [17-1] is denied in part and granted in part. Whitehead is ordered to file his amended complaint within 30 days of the date of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | MAY 0 3 2002 | |
| | Notified counsel by telephone. | date docketed | 20 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

U.S. DISTRICT COURT

02 MAY -2 PM 5:41

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



DOCKETED
MAY 0 3 2002

|  |  |  |
|---|---|---|
| **RICHARD T. WHITEHEAD** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 00 C 7421** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ANTOINETTE MALONE, et al.** | ) | **Magistrate Judge Nan R. Nolan** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Richard T. Whitehead brings this action under 42 U.S.C. § 1983, alleging false arrest and excessive force in connection with his arrest by Cook County sheriff's deputies at the Criminal Courts Building in Cook County, Illinois. The complaint originally named as defendants Cook County, Illinois, and Deputy Sheriffs Antoinette Malone, J. Guzolek, Pahis, and Keller. On June 19, 2001, this Court dismissed Cook County as a defendant, with Whitehead's agreement.

Before the Court is Whitehead's Motion for Leave to File First Amended Complaint. Whitehead seeks to add as defendants County of Cook, Illinois; Cook County Deputy Sheriff Anita Matthews; and Cook County Sheriff Michael F. Sheahan; additional claims for failure to supervise, counsel, or discipline against defendant Keller; and an additional basis for the excessive force claim



against the existing named deputy sheriff's officers.[1]  For the reasons that follow, Whitehead's motion is GRANTED in part and DENIED in part.

## DISCUSSION

The incident at issue in this case occurred on January 29, 1999, so the two year statute of limitations for § 1983 actions expired before Whitehead filed the present motion. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).  Therefore, Whitehead can only amend his complaint if he meets the requirements of Federal Rule of Civil Procedure 15(c), which provides that amendments may relate back to the date of the original complaint when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

## I.  Additional Defendants

Whitehead's motion seeks to add as defendants County of Cook, Illinois; Sheahan; and Matthews.  In order to bring in additional defendants, Whitehead must meet the requirements in

---

[1]Whitehead did not attach a copy of his proposed amended complaint to his motion.  The additional claims and defendants were listed in his memorandum of law supporting the motion.

subparagraph (3) of Rule 15(c). The parties agree that subparagraph (2) has been satisfied, because Whitehead's proposed claims against new defendants arose from the arrest that was the subject of his original complaint.

### *County of Cook, Illinois*

Whitehead argues that since Cook County had been named as a party in the original complaint, it had notice of the action pursuant to Fed. R. Civ. P. 15(c)(3)(A). He explains that he did not bring the county back in earlier because at the time of the motion to dismiss, he had not yet learned of his additional claims against the county. The Defendants point out that this Court has already dismissed all claims against Cook County and further argue that Whitehead's claims against the county would be futile in light of *Moy v. County of Cook*, 640 N.E.2d 926 (Ill. 1994), which holds that a county may not be held vicariously liable for the actions of the sheriff. Whitehead responds that his proposed amended complaint includes allegations of policy or custom that demonstrate municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Specifically, Whitehead alleges that Cook County demonstrated deliberate indifference by failing to (1) properly train Deputy Sheriffs assigned to the entrance of the Criminal Courts Building and (2) supervise, counsel, or discipline Deputy Sheriffs, which allows a "code of silence" to exist.

The Court need not determine whether Whitehead's proposed addition of Cook County as a defendant comports with Fed. R. Civ. P. 15(c), because his claims against the county are futile. As the Seventh Circuit explained in *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1989), "Cook County itself has no authority to train [Sheriff's department employees] or to set the policies under which they operate." *Id.* at 1187; *see also Carver v. Sheriff of LaSalle Co., Ill.*, 243 F.3d 379, 381 (7th Cir. 2001) (noting that, because a sheriff is not a county policymaker, the county is not liable

for the sheriff's misconduct). Whitehead "cannot maintain a section 1983 action against Cook County for 'practices, policies, or actions' which are unrelated to that entity." *Thompson*, 882 F.2d at 1187. Whitehead's motion for leave to amend is therefore DENIED as to proposed defendant Cook County, Illinois.

### Michael F. Sheahan, Sheriff of Cook County, Illinois

Whitehead argues that Fed. R. Civ. P. 15(c)(3)(A) is met because Sheahan will not be prejudiced if he is added as a defendant. Whitehead explains that Sheahan was not included as a defendant in the original complaint because Whitehead only learned of his claims against Sheahan after obtaining discovery in the case. Whitehead concedes that the failure to include Sheahan as a defendant in the original complaint was not the result of a mistake, as required by Fed. R. Civ. P. 15(c)(3)(B). Moreover, it is clear from the face of the original complaint that its allegations of false arrest and excessive force were directed solely at the named sheriff's deputies and would not have put Sheahan on notice that he should have been a proper party in the litigation.

Whitehead provides no case law, and the Court has found none, supporting the notion that there is an exception to Rule 15(c)(3)'s requirements in these circumstances. Therefore, Whitehead's motion for leave to amend is therefore DENIED as to proposed defendant Michael F. Sheahan, Sheriff of Cook County, Illinois.

### Deputy Sheriff Anita Matthews

Matthews and defendant Malone were both present at the time Whitehead was arrested in the Criminal Courts Building. Both deputies are African-American females. An Offense/Incident Report describing the underlying arrest identified Malone as the person who first confronted Whitehead before the arrest occurred, so Malone was included as a named defendant in the original

complaint. At Malone's deposition, Whitehead's attorney realized that Malone was not the deputy that Whitehead had earlier identified to his attorney as the proper defendant. Shortly thereafter, the Court ordered that photographs of Malone and Matthews be provided to Whitehead for identification. Whitehead identified Matthews as the deputy who had confronted him prior to his arrest.

Whitehead now seeks to add Matthews as a defendant. He argues that Matthews had notice of the mistake and that she would not be prejudiced by the amendment. Whitehead's mistake about the identity of the proper party is not in dispute. The Defendants argue, however, that Whitehead did not allege that Matthews had notice of the present lawsuit.

Whitehead's mistake originated from the Offense/Incident Report, which was prepared by a sheriff's deputy based on information given by sheriff's deputies, including certain of the Defendants and Matthews herself. In that report, Malone was identified as the deputy who confronted Whitehead, and Matthews was listed as a witness to the incident. It was reasonable, under the circumstances, for Whitehead to rely on that report in identifying the named defendants in his complaint. Once Whitehead's attorney learned of the possible mistake, he took immediate steps to resolve the issue. The interests of justice would not be served if Whitehead were penalized for relying on incorrect information given by the Defendants and/or their affiliates, when it was reasonable for him to do so.

Matthews will not be prejudiced by being added as a defendant. First, because all Defendants are being represented by the State's Attorney of Cook County, Matthews will not be prejudiced in preparing her defense or in obtaining and producing discovery. Second, Matthews had already been identified as a witness to Whitehead's arrest and was therefore it was possible, if not likely, that she

would be deposed and/or required to testify at trial. It is not clear what, if any, additional burden would be placed on Matthews by being named as a defendant.

Finally, the timing of notice to Matthews is not a bar to the amendment. Rule 15(c)(3) provides that the party to be brought in by amendment have notice of the suit "within the period provided by Rule 4(m)." Fed. R. Civ. P. 15(c)(3). Rule 4(m) provides that the time for service may be extended for an appropriate period if the plaintiff shows good cause for failing to serve in a timely manner. Fed. R. Civ. P. 4(m). The Court finds that Whitehead has shown good cause for Matthews's failure to receive notice of this action in a timely manner.

Whitehead's motion for leave to amend is therefore GRANTED as to proposed defendant Deputy Sheriff Anita Matthews.

## II.  Additional Claims

Whitehead seeks to amend his complaint to add a claim against all named defendants for failure to intervene; and a claim against defendant Keller for failure to supervise, counsel, or discipline.

### *Failure to Intervene*

Whitehead alleges that the named defendants failed to intervene when other officers were violating his civil rights by falsely arresting him and using excessive force. In some circumstances, officers may be liable under § 1983 for failure to intervene when another officer is violating a person's civil rights. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). To be liable for failure to intervene, the officer must have been present and "had reason to know (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation

has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Id.* (emphasis in original).

Whitehead's claim for failure to intervene arises out of the same conduct and occurrence set forth in his original complaint. Therefore, the claim relates back to the date of the original pleading and is not barred by the statute of limitations. *See* Fed. R. Civ. P. 15(c)(2). Moreover, the claim is not clearly futile, and the Defendants do not argue that it is. Whitehead's motion for leave to amend is therefore GRANTED as to the proposed claim for failure to intervene.

*Claims Against Defendant Keller*

Whitehead's motion proposes additional claims against Keller for supervisory liability, based on his alleged failure to train or supervise the offending officers.[2] Keller was a named defendant in the original complaint, which was filed on November 22, 2000, but he has not yet been served.

Whitehead explains that he did not serve Keller within 120 days, as required by Rule 4(m), because his discussions with Defendants' counsel led him to believe that Keller's participation in the incident was "minimal and therefore not actionable." (Pl.'s Mot. for Leave to File First Am. Compl. at 7.) Whitehead claims to have learned additional facts through discovery indicating that Keller had a greater role than previously believed.

Whitehead has not shown good cause for failing to serve Keller within 120 days. Whitehead admits that he did not try to serve Keller and never intended to do so after speaking with the

---

[2]The Court notes that Whitehead's motion includes boilerplate allegations that Keller's failure to train amounted to deliberate indifference, but he does not allege any facts supporting his claim. While fact pleading is not required under the Federal Rules, "a complaint must allege facts bearing on all material elements 'necessary to sustain a recover under some viable legal theory.'" *Looper Maintenance Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999) (citation omitted).

Defendants' attorney about the case. The Court does not see how a party's litigation strategy is "good cause" for failing to serve a summons and complaint and will not extend the time for service.

Because claims against defendant Keller are futile, Whitehead's motion for leave to amend is DENIED as to the proposed claims against defendant Keller.

## CONCLUSION

For the foregoing reasons, Whitehead's Motion for Leave to File First Amended Complaint is DENIED as to (1) the addition of defendants County of Cook, Illinois, and Michael F. Sheahan, Sheriff of Cook County, Illinois; and (2) all additional claims against defendant Keller. Whitehead's motion is GRANTED as to (1) the addition of Deputy Sheriff Anita Matthews as a named defendant; and (2) claims against the named defendants for failure to intervene. Whitehead is ordered to file his amended complaint within 30 days of the date of this order.

E N T E R:

Nan R. Nolan
**Nan R. Nolan**
**United States Magistrate Judge**

**Dated:** 5-1-02